UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

KRISTIE WOODS and )
JENNIFER MALONE, )
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　)
vs. ) CIVIL ACTION No. CV-95-S-2791-NE
　　　　　　　　　　　　　　　　　)
JMBL, INC. and/or MADISON )
FOODLAND INC., )
　　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

FILED
98 MAY 12 AM 10: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 1 2 1998

## MEMORANDUM OPINION

Plaintiffs commenced this action on October 30, 1995, claiming defendant refused to hire them because of their race (African-American). They sought damages pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq., and, 42 U.S.C. § 1981. This court denied defendant's motion for summary judgment by order entered on July 23, 1997, and the action was set for trial on December 15, 1997.

Plaintiffs notified this court on December 9, 1997, that they had accepted an offer of judgment previously made by defendant pursuant to Federal Rule of Civil Procedure 68. (Doc. No. 48 at 1.) That offer proposed judgment be entered against defendant

> for the amount of One Thousand dollars ($1,000.00) to each Plaintiff for a total of Two Thousand dollars ($2,000.00) with costs now accrued, on this the 26th day of November 1997.

(Doc. No. 48 at 3 (emphasis supplied).) Accordingly, this court entered the following judgment on December 9, 1997:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, the court hereby enters judgment in favor of plaintiff Kristie Woods and against defendant JMBL, Inc., in the sum of One Thousand Dollars ($1,000.00) and in favor of plaintiff Jennifer Malone and against defendant JMBL, Inc., in the sum of One Thousand Dollars ($1,000.00), together with costs of court.

(Doc. No. 49.)

Plaintiffs filed a "Motion for Cost[s]" with this court on December 18, 1997, claiming, among other things, $63,908.30 in attorneys' fees. After fully digesting the import of that motion, defendant filed a motion to vacate and rescind the offer of judgment on March 10, 1998. This action is before the court on that motion.

## I. DISCUSSION

### A. Basis for Plaintiffs' Claims for Attorneys' Fees

In pertinent part, Federal Rule of Civil Procedure 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, <u>with costs then accrued</u>. [Emphasis supplied.]

Plaintiffs claim their "costs then accrued" included attorneys' fees, because "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). Thus, "where the underlying statute defines 'costs' to include attorney's fees, ... such fees

2

are to be included as costs for purposes of Rule 68." *Id.* In this action, the underlying statutes define the term "costs" as including attorneys' fees. *See* 42 U.S.C. § 1988 (providing for attorneys' fees as costs in § 1981 claims); 42 U.S.C. § 2000e-5(k)(providing attorneys' fees as costs in most Title VII claims). Thus, plaintiffs would be entitled to reasonable attorneys' fees as part of their costs, if this court found them to be "prevailing parties" under the relevant statutes. *See id.*

B.  **Defendant's Motion to Vacate and/or Rescind**

 1.  **Application of basic principles of contract law**

Defendant moves to vacate and/or rescind its offer of judgment, because "the intent of the offer of judgment was to not include attorney's fees as part of costs. All offers of settlement from **both parties** were less than the claim for attorney's fees now being made by Plaintiffs' counsel." (Motion to vacate or rescind at 4.)

Defendant thus argues that, under "elementary principles of contract law," there was no "meeting of the minds." (*Id.* at 5.) The Eleventh Circuit holds that a plaintiff's acceptance of an offer of judgment may be struck when there is no meeting of the minds. *See Johnson v. University College*, 706 F.2d 1205, 1209 (11th Cir. 1983)("Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds"). In *Johnson*,

3

however, the plaintiff's "acceptance" materially altered the terms of the offer, and was, in effect, a counteroffer. Indeed, the only other authority cited by defendant in which acceptance of an offer of judgment was stricken implicates a plaintiff whose acceptance materially altered the terms of the offer. *See Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988)(defendant explicitly included attorneys fees as part of offer of judgment, but plaintiff filed a motion for attorneys' fees contemporaneously with its acceptance). In contrast, the acceptance filed by plaintiffs herein made no changes to defendant's offer of judgment. *See Medina v. Housing Authority of San Miguel County*, No. 91-2094, 1992 WL 218990 at *2 (10th Cir. Sept. 4, 1992)(finding the acceptance of an offer of judgment "must mirror the terms of the offer in order to be valid").

Thus, the question becomes whether defendant may be excused for failing to comprehend that its offer to pay "costs now accrued" could require payment of attorneys' fees under Title VII and 42 U.S.C. § 1981. This court has found no authority in favor of defendant. Rather, every court faced with the present situation has found a binding offer of judgment that includes attorneys' fees as part of costs. *See Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991)(offer of judgment "with costs now accrued" included attorneys' fees); *Foster v. Kings Park Central School District*, 174 F.R.D. 19 (E.D.N.Y. 1997)(offer of judgment "together with costs

4

accrued to date" included attorneys' fees); *Owens v. Ryder Services Corp.*, 918 F.Supp. 366 (N.D. Ala. 1996)(court which previously denied motion to withdraw Rule 68 offer had "empathy for defendants who, in fact, did not anticipate the unfortunate result of their Rule 68 offer, but [could not] let empathy control its decision-making"); *Said v. Virginia Commonwealth University*, 130 F.R.D. 60 (E.D. Va. 1990)(offer of judgment "together with costs accrued to this date" included attorneys' fees).

### 2. Mistake of law

Defendant also contends its offer of judgment was made under a mistake of law. The only authority supporting rescission in such a situation is *Fisher v. Stolaruk Corp.*, 110 F.R.D. 74 (E.D. Mich. 1986). That case is factually distinguishable from the present action, however. In *Fisher*, the defendant's counsel made an offer of judgment "with costs then accrued," and intended to include attorneys' fees as part of the amount specified in that offer. Defendant's counsel subsequently learned his client could be required to pay attorneys fees. Therefore, he notified plaintiff's counsel of his intent to include attorneys' fees in the offer, before the offer was accepted. Furthermore, the plaintiff was on notice that the offer was intended to include attorney's fees, because it was "more than twenty-five percent greater than what plaintiff could recover at trial ...." *Id.* at 76.

5

In this action, defense counsel did not clarify his mistake until after plaintiffs filed their motion for costs. Moreover, the low amount of the offer could not put plaintiffs on notice that it was intended to include attorneys' fees. This court thus finds that the result of *Fisher* is not mandated in this case, and instead joins those courts which find that the failure of the offering party to comprehend the significance of the phrase, "with costs now accrued," does not justify rescission of its offer of judgment. *See Owens v. Ryder Services Corp.*, 918 F.Supp. 366, 367 (N.D. Ala. 1996); *Said v. Virginia Commonwealth University*, 130 F.R.D. 60, 63 (E.D. Va. 1990); *see also Webb v. James*, 172 F.R.D. 311, 314 (N.D. Ill. 1997)(rejecting mistake of law argument where "costs" not mentioned in offer of judgment); *SAS v. Trintex*, 709 F.Supp. 455, 457 (S.D.N.Y. 1989).

### 3. Equity

Defendant next argues that equitable principles require rescission of its offer of judgment. It asserts opposing counsel engaged in "subterfuge," because there "is clear evidence that Plaintiffs' counsel intended to claim attorney's fees while knowing that Defendant's counsel did not believe the offer included those fees." (Motion to vacate or rescind at 5-6.)

Following plaintiffs' acceptance of the offer of judgment, defense counsel wrote plaintiffs' counsel regarding the details of the settlement payment. He requested "to know the amount of court

6

costs (filing fee)." (*Id.* exhibit A.) Plaintiffs' counsel responded by letter: "We are preparing and will be filing the appropriate documents with the Court." (*Id.* exhibit B.)

Even when viewed most favorably to defendant, that exchange of correspondence only establishes that plaintiffs' counsel first learned of defendant's intent to include attorneys' fees for plaintiffs' counsel in the small amount offered as a judgment <u>after</u> the offer had been accepted. There is no evidence before this court that plaintiffs' counsel knew of defendant's intent prior to acceptance of an offer that explicitly included a significant phrase: "with costs now accrued."

"When an offer of judgment uses <u>terms of art</u>, a claimant must be allowed to make his acceptance decision based on the interpretation those terms are commonly given." *Said v. Virginia Commonwealth University*, 130 F.R.D. 60, 63 (E.D. Va. 1990)(emphasis supplied). Furthermore, "[w]ith respect to offers of judgment, 'a defendant should state his intentions clearly, and any failure to do so will be at his peril.'" *Foster v. Kings Park Central School District*, 174 F.R.D. 19, 24 (E.D.N.Y. 1997)(quoting *Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996)). Accordingly, this court finds no basis for vacating or rescinding the offer of judgment.

### 4. Other basis for rescission

Defendant finally argues that this court should vacate or rescind the offer of judgment, because the amount of fees claimed

7

is disproportionate to the settlement. Plaintiffs' counsel attempts to justify the enormity of the fee request by claiming that a portion of the attorneys' fees will be given to his clients to compensate them for their damages. (Response to motion to vacate or rescind at 18-19.) Thus, defendant also seeks rescission, because the "costs" presently sought actually are damages. (Defendant's reply brief at 1-2.)

This court finds those arguments challenge the propriety and amount of the attorneys' fees requested, rather than serving as a basis for rescission of the Rule 68 judgment. Those issues will be determined when this court rules upon plaintiffs' motion for costs.

## II. CONCLUSION

For the foregoing reasons, this court finds that defendant's motion to vacate and/or rescind the Rule 68 offer of judgment is due to be denied. An appropriate order shall be entered contemporaneously herewith. Further, in accordance with the order entered March 26, 1998 (Doc. No. 59), a new submission order regarding plaintiffs' motion for costs also will be entered contemporaneously herewith.

DONE this the  12th  day of May, 1998.

United States District Judge

8