98 OCT -5 PM 3:31
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

KRISTIE WOODS and JENNIFER MALONE,

Plaintiffs,

vs.

JMBL, Inc., and/or MADISON FOODLAND INC.,

Defendant.

CIVIL ACTION No. CV-95-S-2791-NE

ENTERED
OCT 0 5 1998

MEMORANDUM OPINION

On October 30, 1995, plaintiffs, Kristie Woods and Jennifer Malone, commenced this action, seeking declaratory and injunctive relief, instatement, and damages for defendant's refusal to hire them, allegedly, because of their race (African-American). Plaintiffs accepted $1,000 each, with costs, in an offer of judgment (Doc. No. 48). The court entered a judgment pursuant to Federal Rule of Civil Procedure 68 on December 9, 1997, reflecting the parties' resolution of the action.

Despite entry of the judgment, this action remains before the court on a veritable passel of motions. The remaining motions include: (1) Plaintiffs' Motion for Costs (Doc. No. 51); (2) Plaintiffs' Motion for Sanctions, Including Attorney's Fees (Doc. No. 76); (3) Defendant's Motion to Strike Plaintiffs' Motion for Sanctions (Doc. No. 77); (4) Defendant's Motion for Rule 11 Sanctions (Doc. No. 78); (5) Defendant's Motion for Attorney's Fees (Doc. No. 79); and (6) Plaintiffs' Motion to Deny Defendant's



Motion to Strike (Doc. No. 80). The court will address the motions *in seriatim.*

## I. DISCUSSION

### A. Plaintiffs' Motion For Costs

In its motion, plaintiffs seek an award of attorney's fees in the amount of $61,957.50, plus an additional amount of $1,950.80 for direct costs, for a sum of $63,908.30, pursuant to 42 U.S.C. § 1988[1] and § 2000e-5(k).[2] *See Evans v. Jeff D.*, 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986)(the right to recover fees belongs to the party, not the attorney).

#### 1. Attorney's fees

##### a. Prevailing party

Attorney's fees are now clearly available to prevailing parties under both of the authorizing statutes. A prevailing party is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The relief a plaintiff secures must be a direct benefit to that plaintiff at the time of the judgment or settlement. *See*

---

[1] 42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of [42 U.S.C.] sections 1981, 1983, 1985, and 1986 of this title, ... the court, <u>in its discretion</u>, <u>may</u> allow the prevailing party, other than the United States, <u>a reasonable</u> attorney's fee as part of the costs." [Emphasis supplied.]

[2] 42 U.S.C. § 2000e-5(k), as amended by the Civil Rights Act of 1991, provides that a court, in Title VII actions, "<u>may</u> allow the prevailing party ... <u>a reasonable</u> attorney's fee ... as part of the costs...." [Emphasis supplied.]

*Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).

Plaintiffs in the instant case qualify as prevailing parties. The $1,000 awarded to each constituted a direct benefit to each at that time. The benefit was direct, because the order included a separate provision for recovery of costs and attorney's fees, leaving the parties with the full $1,000. (*See* Memorandum Opinion entered May 12, 1998, Doc. No. 64.)

**b. "Lodestar" analysis**

In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), the Eleventh Circuit presented the proper analysis for determining the appropriate award of attorney's fees. The court must multiply the number of hours reasonably expended by a reasonable hourly rate to arrive at a calculation known as the "lodestar." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986).

The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Norman*, 836 F.2d at 1303. After determining the lodestar, the court must then proceed with an analysis of whether any portion of the fee should be adjusted upwards or downwards. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34,

103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983). In making such determinations, the court is guided by the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[3]: *i.e.*, (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and, (12) awards in similar cases.

**(1) Reasonable hourly rate**

The first step in calculating the "lodestar" is to ascertain a rate to charge for the attorney's representation. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 1547, n.11 (1984). The "rate of attorney's fees is that of the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

place where the case is filed." *Cullens v. Georgia Dep't of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994). Plaintiffs filed this action in the Northeastern Division of the Northern District of Alabama, and the court will consider this division as the "relevant legal community." *See Lattimore v. Oman Construction*, 714 F. Supp. 1178, 1179 (N.D. Ala. 1988) (Clemon, J.) ("The relevant market for legal services is the Northern District of Alabama, consisting of the thirty-one northernmost counties of the state."), *aff'd*, 868 F.2d 437 (11th Cir. 1989); *Ross v. Buckeye Cellulose Corporation*, 764 F. Supp. 1543 (M.D. Ga. 1991); *In Re Barger*, 180 B.R. 326 (S.D. Ga. 1995).

The movant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates, and may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence[4] of reasonable rates. *Norman*, 836 F.2d at 1299. The court also may consider the *Johnson* factors "to the extent that they suggest that comparables offered may not be relevant to the issues before the court as they may affect the weight to be given to the comparables being offered to the court." *Id.* at 1299-1300.

---

[4] "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Norman*, 836 F.2d at 1301.

Plaintiffs request attorney's fees for 413.05 hours, at a rate of $150 an hour. Plaintiffs present only the affidavit of their attorney, Vernon Padgett, attesting to his hourly fee when not operating under his customary contingency arrangement. Satisfactory evidence, at a minimum, requires more than the affidavit of the attorney performing the work for which compensation is sought. *Blum*, 465 U.S. at 896 n.11, 104 S.Ct. at 1547 n.11. Nevertheless,

> The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

*Norman*, 836 F.2d at 1303. The *Johnson* factors also are appropriate considerations in determining the hourly rate. *See Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. at 563-66, 106 S.Ct. at 3097-99.

The court recognizes that Mr. Padgett has had extensive experience in civil rights litigation. In addition, Mr. Padgett was operating under a contingency fee arrangement.[5] On the other hand, the court finds the issues in the case neither novel nor difficult, and notes, particularly, the limited success achieved.

---

[5] Mr. Padgett's "Legal Services Contract" with the respective plaintiffs provided that he would be compensated by "the greater of the statutory attorney's fees or forty percent (40%) of the total monetary award made by the Court or recovered in settlement. Total monetary award shall include statutory attorney's fees." (Doc. No. 74.)

On balance, given Mr. Padgett's substantial experience with civil rights actions, the court finds the hourly rate of $150 reasonable. The court so finds with trepidation, however, and only because it has the discretion to account for plaintiffs' limited success later in the analysis.

**(2) Hours reasonably expended**

The second step in the lodestar analysis requires a determination of the number of hours reasonably expended by counsel. The court should exclude hours it finds "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939-40. Thus, the movants are required to exercise "billing judgment" in their computation of hours expended. *Id.*, 461 U.S. at 437, 103 S.Ct. at 1941.

> "[B]illing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.

*Norman*, 836 F.2d at 1301. The court also is charged with deducting redundant hours. *Id.*

Defendant identifies several flaws in plaintiffs' "Time Table" that reflects the hours spent on particular activities. First, many of the descriptions of listed activities are anything but particular. "Prepare for trial" is listed as an activity that occupied counsel for the better part of 19 days, amounting to 153

hours. As defendant states, this broad description precludes any challenge that the hours may have been duplicative, repetitive, or otherwise unreasonable.

Defendant also objects to the unspecified 49 hours spent over 5 days to prepare a response to the motion for summary judgment. Citing the broad explanation given, defendant contends this amount of time is excessive. Defendant also contends the 20 hours listed for researching discovery requirements on motion to compel patterns in disparate treatment cases, and the additional 10 hours for drafting the motion and supporting memorandum were excessive.[6]

Moreover, defendant calls into doubt all of plaintiffs' fee requests, because no hours or activities reflect either the work by another attorney who appeared for plaintiffs, Ms. Daco Auffenorde, or work by plaintiffs' paralegal, John Padgett, who has entered an affidavit attesting to work he performed.

The court need not always conduct an hour by hour review when reducing the number of hours reflected in a request of attorney's fees. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). In light of counsel's failure to designate any hours as performed by Ms. Auffenorde, who has not submitted any request to this court nor any evidence as to a reasonable fee, and by the paralegal Mr. Padgett, the court finds that an hour by hour analysis is not proper, and hardly feasible. Thus, given the

[6] Defendant makes other objections to the amount claimed. The court, however, discusses only those it deems meritorious.

apparently excessive hours listed for ill-defined activities, and the failure to reflect the work of other parties, the court finds it reasonable to reduce the number of hours by one third, to 275.37. At an hourly rate of $150, the lodestar figure is $41,305.50.

**c. Adjustments of the lodestar**

After determining the lodestar amount, the court may adjust the amount of fees awarded in light of the results obtained through the litigation. *Hensley*, 416 U.S. at 434, 103 S.Ct. at 1939-40. The Eleventh Circuit provides the following analysis for adjusting the lodestar:

> If the result was excellent, then the court should compensate for all hours reasonably expended. ... If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. ... In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some portion. ... A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. ... Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours.

*Norman*, 836 F.2d at 1301 (citations omitted) (emphasis supplied).

The plaintiffs in this case each sought in excess of $320,000, but each plaintiff received only $1,000. In *Hensley*, the Supreme Court said that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an

excessive amount." 461 U.S. at 436, 103 S.Ct. at 1940. The court does not take lightly the fact that this offer of judgment against defendant justifies plaintiffs' important civil rights claims, and that this may have an effect beyond the monetary relief awarded. Notwithstanding this consideration, the success of these plaintiffs was extraordinarily limited relative to the relief sought, and the extent and duration of the litigation.

In light of the limited success of these "prevailing parties," the court must adjust the lodestar amount so that the award of attorney's fees is not disproportionate to the results obtained. *See Norman*, 836 F.2d at 1301. Given the total amount awarded to plaintiffs, $2,000, yet the affirmation of plaintiffs' civil rights, the court finds that a 90% reduction in the lodestar amount leaves a reasonable award of fees: $4,130.55. *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1580-81 (11th Cir. 1987) (reducing lodestar amount by 67% to $16,965.15 for fees plus expenses, because of limited success where plaintiff received an award of $30,000 when he sought $2,000,000).

**a. Costs**

The Eleventh Circuit has noted that "the factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the

attorney." *Dowdell*, 698 F.2d at 1190. Accordingly, the court went on to hold that

> with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988. As is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation.

*Dowdell*, 698 F.2d at 1192 (citations omitted).

Plaintiffs request reimbursement for expenses in the amount of $1,950.80. On the heels of his request for fees, counsel's list of costs bears similarly bare description. The request for $150 dollars for "Phone" is not recoverable. Neither is the $140 for unspecified "Mileage @500mi @.28" recoverable. In accordance with the order entered on December 9, 1997 (Doc. No. 49), however, plaintiffs are entitled to costs of court. Thus, plaintiffs may recover the $120 "Court Cost." Given the difficulty of obtaining discovery and plaintiffs' subsequent use of the depositions, plaintiffs are entitled to the cost of the depositions listed: $1,077. Plaintiffs also are entitled to costs of copying, $405.80, and costs of postage, $58. Accordingly, plaintiffs may recover costs in the amount of $1,660.80.

**b. Remaining Motions**

In the remaining motions, the parties continue the contentious litigation that characterizes this case. Each party seeks sanctions and accompanying attorney's fees. The court looks

sternly upon the unbecoming conduct of counsel that resulted in this fracas. The parties have engaged in evasive discovery practices and also have issued unfounded allegations against their adversaries. Accordingly, the court will play referee. At this stage of the game, though recognizing these personal fouls, the court finds that the penalties offset each other,[7] and both the parties and this professional league would be best served if the parties returned to their respective locker rooms.

## II. CONCLUSION

For the foregoing reasons, plaintiffs' motion for costs is due to be granted in part, and denied in part. The remaining motions are due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 2d day of October, 1998.

United States District Judge

[7] In addition, the court calls plaintiffs' attention to the award of costs for the depositions.